UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
TARGET CORP., *et al.*,                          :
                                                 :
                              Plaintiffs         :        **OPINION AND ORDER**
                                                 :        **DENYING MOTION FOR**
                                                 :        **REVISED SUMMARY**
         - against -                             :        **JUDGMENT RULING**
                                                 :
VISA, INC., *et al.*,                            :        13 Civ. 3477 (AKH)
                                                 :
                              Defendants.        :
-------------------------------------------------------- X
-------------------------------------------------------- X
7-ELEVEN, INC., *et al.*                         :
                                                 :        13 Civ. 4442 (AKH)
                              Plaintiffs,        :
                                                 :
         - against -                             :
                                                 :
VISA INC., *et al.*,                             :
                              Defendants.        :
-------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendants again challenge Plaintiffs' standing to seek antitrust damages. They

previously had moved for such relief by motion to the MDL judge, Chief Judge Margo K.

Brodie. Chief Judge Brodie denied defendants' motion for summary judgment, holding that

there were issues of fact that had to be resolved by trial. *See In re Payment Card Interchange*

*Fee and Merch. Disc. Antitrust Litig.,* 05 MD 720, 2024 WL 1014159 (E.D.N.Y. Mar. 8, 2024).

Now, with the case having been transferred back to me, Defendants try again, this time by a

motion pursuant to Fed. R. Civ. P. 54(b), the rule dealing with partial judgments not completely

dispositive of a case. Defendants' motion is denied. Chief Judge Brodie's rulings are the law of

1

the case and no good reason has been shown to depart from them. On the merits, I agree with her reasoning and her rulings, and adopt them as my own.[1]

## BACKGROUND

This case, filed in 2013, has a long history, fully recounted in Chief Judge Brodie's decision denying summary judgment. The issue on this motion is the same as it was in the summary judgment motion made to Chief Judge Brodie: how to consider a typical credit card transaction in order to answer the issue of antitrust standing, as defined by *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977). A simple way to frame the issue is how a merchant would understand it: the merchant has received payment for goods or services by a Visa or MasterCard, but the money flowing into his bank account is significantly less than the price he charged to his customer. The difference reflects the fees exacted by the credit card companies — fees that the merchant claims were inflated because of antitrust violations by the credit card companies. Viewed this way, the merchant has standing to recover antitrust damages. Viewed, however, by the way Defendants analyze the transaction, the merchant's bank, not the merchant, incurs the charge by the credit card companies and passes along much or all of the charge to the vendor; thus the merchant's bank, not the merchant, has standing to sue.

Chief Judge Brodie, after studying the large and complicated record, held that she could not determine summarily which of these different viewpoints was correct. She denied Defendants' motion for summary judgment, and held that the factual issues would have to be decided by a jury. *In re Payment Card Interchange Fee and Merch. Disc. Antitrust Litig.*, 2024 WL 1014159, at *11 (March 8, 2024). She then returned the case to the MDL panel, for re-assignment to me, the judge to whom the case was originally assigned. The parties are now

---

[1] I do not discuss the procedural issues of the motion: whether Defendants failed to move timely for a rehearing of the denial of their Rule 56 motion, or can seek the same relief by a Rule 54(b) motion.

engaged in supplemental discovery of experts and preparing their cases for trial, set to begin

October 20, 2025. In that setting, Defendants filed their motion to "revise" Chief Judge Brodie's

order by granting them summary judgment to strike the claims for damages in the two cases

before me, one by Target Corp. and others, and another by 7-Eleven, Inc. and others.

## DISCUSSION

Summary judgment may be granted only when there "is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a summary judgment motion,

the court must "view the evidence in the light most favorable to the party opposing summary

judgment . . . draw all reasonable inferences in favor of that party, and . . . eschew credibility

assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004).

Under Fed. R. Civ. P. 54(b), where there are multiple parties or multiple counts, an order

or decision that does not end the action "may be revised at any time before the entry of" final

judgment. Motions to revise a ruling under Rule 54(b) are subject to the law of the case doctrine,

*Official Comm. Of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322

F.3d 147, 167 (2d Cir. 2003), which "commands that 'when a court has ruled on an issue, that

decision should generally be adhered to by that court in subsequent stages in the same case'

unless 'cogent and compelling reasons militate otherwise.'" *Johnson v. Holder*, 564 F.3d 95, 99

(2d Cir. 2009) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). "[T]he

law of the case doctrine . . . is equally applicable, if not more so, to decisions by an MDL

transferee court." *Deutsch v. Novartis Pharm. Corp.*, 768 F. Supp. 2d 420, 428 (E.D.N.Y. 2011).

The issue is whether Plaintiffs have standing. Their ability to obtain treble damages arising from an antitrust violation depends on proof of their standing. *See* 15 U.S.C. § 15(a); *California v. Am. Stores Co.*, 495 U.S. 271, 296 (1990); *Gatt Communications, Inc. v. PMC Assocs., LLC*, 711 F.3d 68, 75 (2d Cir. 2013). The antitrust violation must have been committed directly upon Plaintiffs for, under *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-29 (1977), an indirect purchaser lacks standing to pursue damages for an antitrust violation. In *Illinois Brick*, the Supreme Court held that the plaintiffs were barred from obtaining damages from concrete block manufacturers who engaged in price-fixing since the manufacturers first sold the blocks to masonry contractors, who in turn used the blocks to complete projects for general contractors, with whom the plaintiffs had contracted. *Id.* at 726, 728-29. More recently, the Supreme Court reaffirmed *Illinois Brick*, holding that iPhone users who purchased apps from Apple's virtual App Store were direct purchasers and thus had antitrust standing to recover damages. *See Apple Inc. v. Pepper*, 587 U.S. 273, 276 (2019).

Defendants Visa and Master Card argue that any antitrust violations that they committed were committed against the merchants' banks, and not against the merchants. They point to evidence that the banks paid the several categories of fees charged by the credit card network, and then charged the fees to the merchants, thereby inserting a layer between Plaintiffs and Defendants. Plaintiffs point to evidence showing that fees and chargebacks were paid by the merchants themselves. Chief Judge Brodie carefully considered the contrasting views and held that the disputed evidence created a genuine issue of material fact for a jury to resolve at trial. *In re Payment Card Interchange Fee and Merch. Disc. Antitrust Litig.*, 2024 WL 1014159, at *9-*18.

Chief Judge Brodie's decision is the law of this case, and Defendants have shown no good reason why I should not follow it. In addition, after my own independent study, I agree with it. *Compare, e.g.,* Pl.'s counter 56.1 submission ¶¶ 698–701, 732–40, 777–78 (merchants directly pay interchange fees out of funds owed to them) *with* Defs.' 56.1 submission ¶¶ 39, 268, 275-77, 290 (acquiring banks pay interchange fees for payment card transactions). Whether Plaintiffs were direct or indirect purchasers of Defendants' services cannot be decided by summary judgment. It must be tried by a jury, and that will happen beginning October 20, 2025.

Defendants argue that Chief Judge Brodie misread *Paycom Billing Servs. v. MasterCard Int'l, Inc.* 467 F.3d 283 (2d Cir. 2006) as well as *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71 (2d Cir. 2016), and that I should "revise" her ruling. I decline to do so. In *Paycom*, a ruling on the sufficiency of the allegations of a complaint, the Second Circuit affirmed the dismissal of a lawsuit against MasterCard because plaintiff alleged that chargebacks were imposed on banks, not merchants, thus rendering plaintiff an indirect purchaser. *Paycom Billing Servs.*, 467 F.3d at 291-92. And in *Salveson*, a non-precedential opinion, the plaintiffs were cardholders, not merchants, and the Second Circuit, affirming the dismissal of their suit, held that the cardholders lacked standing to sue Visa and MasterCard for price-fixing. *Salveson*, 663 F. App'x at 74-75. Both cases are distinguishable. Here, the record shows a genuinely-disputed issue of material fact as to whether Plaintiffs or the acquiring banks directly suffered Defendants' antitrust violations.

Defendants' Rule 54 motion is denied.  The Clerk shall terminate ECF No. 156 of 13 Civ. 3477 and ECF No. 66 of 13 Civ. 4442.

SO ORDERED.

Dated:     December 18, 2024
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge