# HOLWELL SHUSTER & GOLDBERG LLP

425 Lexington Avenue, 14th Floor
New York, New York 10017
Tel: (646) 837-5151
Fax: (646) 837-5150
www.hsgllp.com

*Michael Shuster*
*(646) 837-5153*
*mshuster@hsgllp.com*

May 28, 2025

**VIA EMAIL AND ECF**

Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
Room 1050
500 Pearl Street
New York, NY 10007

      Re:    *Target Corp. et al. v. Visa Inc. et. al., No. 13-cv-3477 and 7-Eleven et al. v. Visa Inc. et al., No. 13-cv-4442 in the United States District Court for the Southern District of New York*

Dear Judge Hellerstein:

      The Court has scheduled a conference for 10:30 a.m. on June 5, 2025. In advance of that conference, the parties suggest the following agenda items for discussion.

      **Appearances**

      For the 7-Eleven Plaintiffs: Jeffrey Shinder

      For the Target Plaintiffs: Barrett Reasoner

      For Visa: Michael Shuster, Demian Ordway, Benjamin Heidlage, Matthew Eisenstein, Anne Davis

      For Mastercard: Kenneth Gallo, Nina Kovalenko

      For JP Morgan Chase: Boris Bershteyn, Lenny Gail

      For Citibank: Benjamin Nagin

      For Bank of America: Natalie Fleming Nolen

      For Wells Fargo: Amy Vegari

**Plaintiffs' Agenda for the Status Conference**

The only agenda item identified by Defendants for the June 5 conference relates to their motions, filed less than a week ago, seeking modification of the Court's August 8, 2024, Order Regulating Proceedings. As explained below, this issue has already been argued – and reargued – before this Court, most recently at the April 2, 2025, status conference. At that conference, Defendants indicated that they might commit their arguments to writing, which they have now done. Since the issues Defendants raise in their motion have been argued before the Court several times, there is no further need for argument on these questions. As such, as a threshold matter, Plaintiffs do not believe the June 5 status conference is necessary. Plaintiffs, of course, will appear to address these issues if the Court requests further argument on them.

**1. Defendants' Motions are Untimely and Meritless.**

Defendants' motions are nothing more than untimely attempts to reargue a trial structure that has been in place since August 2024. Since the initial post-remand status conference, this case has been progressing towards the October 20, 2025, trial date. In reliance on the Court's August 8, 2024, Order setting a trial date for three Target Group Plaintiffs and three 7-Eleven Group plaintiffs, the parties have exchanged witness and exhibit lists geared towards such a trial, are meeting jointly agreed deadlines, and have worked cooperatively to complete supplemental fact and expert discovery. Every indication demonstrates that the parties will be prepared for the scheduled trial. Defendants' latest attempt to derail the joint trial has been twice rejected and has no merit.

On August 8, 2024, the Court entered the following Order Regulating Proceedings, ECF 140:

> Trial will consist of the following six plaintiffs, three from the 7-11 group and three from the Target group: Circle K, the Gap, Inc., Macy's, Inc., Marathon Petroleum Company LP, Target Corporation, and TJX Companies, Inc. Liability will be tried first and thereafter, if necessary, damages, by the same jury." Order Regulating Proceedings (Aug. 7, 2024), *Target Corp. v. Visa Inc.*, Case No. 13 Civ. 3477 (AKH) [ECF No. 140], *7-Eleven, Inc. v. Visa Inc.*, Case No. 13 Civ. 4442 (AKH)

*See* ECF 140 at 2. At every conference thereafter, the Court has reiterated this joint trial plan. *See* Tr. Hrg. 1/8/2025 at 31 (declining to allow Plaintiffs to substitute new plaintiffs in the event of settlement by a plaintiff set for trial); *see also* Tr. 4/2/2025 at *passim* and in particular at 46 ("We're going the way we started, everybody together.").

Defendants never sought timely reconsideration of any of these prior rulings, *cf.* Loc. Civ. R. 6.3 (requiring motions to reconsider to be filed in 14 days), but they have consistently refused to respect them. Plaintiffs have been putting substantial effort and cost, including by producing

2

numerous witnesses for trial depositions, into meeting the October 2025 trial date.  For that reason alone, their latest gambit to sever the joint trial should be rejected.

Visa and Mastercard (the "Network Defendants") and four Bank Defendants (the "Bank Defendants") have now filed two *more* motions that again seek to derail the joint trial the Court has mandated in three separate rulings.  They couple these belated filings with a peremptory demand that the Court drop everything else on its docket and take *their* motions up *immediately* at the June 5 status conference, less than a week after briefing on them concludes.  While Plaintiffs consider this demand inappropriate, should the Court require argument on these motions, Plaintiffs will make themselves available on June 5th, or whatever date the Court deems appropriate.

These motions should be denied as untimely, and if the Court reaches them, on their merits.  Plaintiffs will refute Defendants' baseless arguments in their responses, which will be filed shortly.  For now, we state the following:

- The Bank Defendants have not availed themselves of the opportunity to take depositions of the experts disclosed by the *Target* Plaintiffs, despite the fact that the Court stated they could do so at the April 2, 2025, status conference, and the Plaintiffs expressly stated in an April 24 email that the *Target* Plaintiffs would make its experts available to the Bank Defendants for additional depositions.

- Reflecting the substantial similarity of the Target and 7-Eleven cases, the Network and Bank Defendants retained joint experts and served joint expert disclosures that responded to ***all*** of the Plaintiffs' experts regarding their common Sherman Act Section 1 claims in both the Target and 7-Eleven cases.  The cover pages to these joint disclosures from both the Network and Bank Defendants noted that they related to "All Actions".  The disclosures included experts retained by the Bank Defendants to respond to the Target Plaintiffs' experts.

- Both the Network Defendants and the Bank Defendants pursued expert discovery jointly, with the Network Defendants invariably taking the lead.

- The Bank Defendants had every opportunity to participate in the Target Plaintiffs expert depositions, and even though they made appearances at those depositions, their counsel declined to ask ***any*** questions, ceding that role to the Network Defendants.

- Even after the Court's August 2024 Order, the Network Defendants and the Bank Defendants attended the supplemental expert depositions of all Plaintiff experts, including that of the Target Plaintiffs' substitute economist expert, Craig Romaine.  And once again, even though they were now on notice of the scheduled joint trial, the Bank Defendants *did not ask Mr. Romaine a single question.*

3

In sum, as the Responses will show, Defendants' claims about jury confusion and that they have not had adequate expert disclosures under Rule 26 are demonstrably false, as is their contention that Plaintiffs have failed to provide required expert discovery under Rule 37.

### 2. The Joint Trial Order, ECF 140, was Proper and Should be Enforced.

Setting this case for a joint trial was well within this Court's inherent docket management authority and the discretion granted to it under Rule 42. A joint trial still makes sense for all the reasons the Court identified when it exercised its broad discretion to set one.

At this late juncture, it would also be deeply prejudicial to either Plaintiff group to lose their trial date. They have been working towards the October 20 trial date not just for the nine months since the Court set this case for trial, but for the more than twelve *years* they have waited to present their claims to a jury, all the while as damages from Defendants' ongoing conduct continue to accumulate.

Derailing the trial now presents another risk of profound prejudice that Defendants have omitted to mention. In another proceeding related to this one, the *Grubhub* case in the Northern District of Illinois, Defense counsel informed that court that they cannot participate in a trial there in the first quarter of 2026 due to trial commitments in Delaware in another matter. The Illinois Court then set the *Grubhub* case for May 11 to July 3, to accommodate that conflict. Given that a related case involving the same Defense counsel is scheduled for trial from May to July 2026, any adjustment to the October 20, 2025, trial date here risks imposing another *year* or more of deeply prejudicial delay to Plaintiffs.

For all these reasons and those previously stated, the Target and 7-Eleven Plaintiffs continue to support a joint trial, just as the Court ordered nine months ago and twice more since. *See* ECF 140 at 2. In the event that the Court decides to reconsider the joint trial, and concludes it wishes to select only one case to be tried, each of the Target and 7-Eleven Plaintiffs respectfully believes their case should go first.

**Defendants' Issues**

### 1. Defendants' Motion For Revised Order Regulating Proceedings Providing For Separate Trials Or In The Alternative, To Preclude Undisclosed Expert Testimony Under Federal Rule Of Civil Procedure 37

Defendants' Position

Defendants moved on May 21 for a revised order regulating proceedings providing for two separate trials, with the *Target* trial proceeding first, or in the alternative, to preclude undisclosed expert testimony under Federal Rule of Civil Procedure 37. ECF No. 232. Plaintiffs requested the upcoming June 5 status conference, and Defendants are prepared to address this critical case management issue at that time. Of course, Defendants are also available to discuss this issue at another time more convenient to the Court should the Court prefer.

Rather than address the merits of Defendants' arguments, Plaintiffs primarily argue that the trial structure cannot be changed and that a strict reconsideration standard should be applied. But the Court raised the trial structure *sua sponte* on April 2 and issued directions to the Plaintiffs, who represented that they would comply with the Court's directives. It is *Plaintiffs* who have failed to meet the Court's conditions for a joint trial. Therefore, it is *Plaintiffs* who have the burden to show that the Court's conditions should be reconsidered. They have failed to meet that burden, and the Court's conditions should be enforced. Any other result would make the Court's directives a dead letter, and result in an entirely unmanageable trial.

At the April conference, the Court stated that a trial with testifying economists from both groups of Plaintiffs would confuse the jury with overlapping and contradictory opinions. Thus, the Court issued clear and unequivocal conditions for Plaintiffs to proceed with a joint trial: "***If you want to have a joint trial, you have to have joint experts. You want to have separate trials, you can have the experts you want. . . . That means there will be one economist.***" April 2 Conf. Tr. at 32:2–11 (emphasis added). The Court directed "the plaintiffs to ***list five experts that they will use in trial and do it quickly***," *id.* at 42:16–18 (emphasis added), including only one economist, *see id.* at 24:24–25:2, upon Plaintiffs' representation that they could and would comply with the Court's instructions. There was no ambiguity: if Plaintiffs were unable to meet the Court's conditions, the Court would "***split the trial***." *Id.* at 38:22–25 (emphasis added).

Plaintiffs' promise of a joint slate of only five experts, including one economist, was never workable. It would be deeply prejudicial, violate the Federal Rules and binding precedent, require a major reopening of expert discovery, and pose serious Rule 50 and appellate issues.

Recognizing these problems, Plaintiffs have proffered a proposal that flatly violates the Court's instructions. Plaintiffs now intend to call as many as nine experts at trial, including three economists: Mr. Romaine (the *Target* Plaintiffs' expert), Professor Pathak (the *7-Eleven* Plaintiffs' expert), and Dr. McAfee (another *Target* Plaintiffs' expert on antitrust economics).[1] As the Court recognized, Plaintiffs' proposal would create substantial juror confusion and impose serious prejudice on Defendants, including the banks that are defendants only in the *7-Eleven* action.[2]

Plaintiffs also rely on a series of inaccurate statements to defend their position. Plaintiffs assert that "[t]he Bank Defendants had every opportunity to participate in the Target Plaintiffs expert depositions." However, during the April 2 conference, Plaintiffs admitted that was not the case:

THE COURT: Was there deposition discovery of experts?

MS. PATRICK: There was. And they had the opportunity to attend if they wanted in those depositions. Whether they attended every deposition, I could not tell you.

---

[1] In fact, Plaintiffs' current proposal is their second; they withdrew their first proposal after Defendants asked basic questions about how it would work.

[2] Though this prejudice cannot be cured by additional depositions, the banks intend to depose the *Target* Plaintiffs' experts if those experts are permitted to testify at a trial where the banks are Defendants.

>THE COURT: But they couldn't ask questions?
>
>MS. PATRICK: *Not of the Target-only witnesses*. But there are, your Honor — I want to emphasize — six common experts.

*Id.* at 28:16-23 (emphasis added). Mr. Romaine, of course, was a *Target*-only witness when he was most recently deposed in December 2024.

Therefore, for the reasons set forth in their motion, Defendants respectfully request that the Court order separate trials for the *Target* and *7-Eleven* Plaintiffs, with the earlier-filed and far more streamlined *Target* case—which contains only Section 1 claims—to go first. Defendants are available to discuss potential trial dates at the conference or at the Court's convenience. Alternatively, in the event of a joint trial, Plaintiffs must proceed with the respective experts they retained, as is required to avoid serious prejudice to Defendants and as Plaintiffs previously promised Judge Brodie.[3]

*********

We look forward to appearing before Your Honor next week.

Respectfully submitted,
*/s/ Michael Shuster*
Michael Shuster

cc: Counsel of record (via ECF)

---

[3] "When these cases are sent back for trial proceedings, they will continue as separate cases. Accordingly, when the Target Plaintiffs' case is tried, the jury will hear no evidence from Professor Hausman [now Professor Pathak]; similarly, when the 7-Eleven Plaintiffs' and The Home Depot's case are tried, their juries will hear no evidence from Dr. Harris [now Mr. Romaine]." MOL in Supp. of DAPs' Mot. to Exclude Portions of the Rep. and Ops. of Def. Expert R. Garrison Harvey ("Harvey *Daubert* Motion"), MDL Dkt., ECF 8092 at 19 (internal citations omitted).