UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRUBHUB HOLDINGS INC., *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>VISA INC., et al.,<br><br>      Defendants. | Case No. 1:19-cv-07273<br>Honorable Edmond E. Chang |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TARGET CORP., *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>VISA INC., et al.,<br><br>      Defendants. | 13 Civ. 3477 (AKH)<br>Honorable Alvin Hellerstein |

**TJX/MACY'S PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION FOR CONTINUANCE**

TO THE HONORABLE ALVIN HELLERSTEIN AND THE HONORABLE EDMOND CHANG:

  As directed by Judge Hellerstein (N.Y. ECF 256) and Judge Chang (Ill. ECF 121), Plaintiffs in No. 13-cv-3477, *Target Corp. et al. v. Visa, Inc. et al.* (the **TJX/Macy's Plaintiffs**)[1] file this response in further opposition to Defendants' Motion for Continuance of the May 11, 2026 Trial and Memorandum in Support (Ill. ECF 118 & 119; N.Y. ECF 253 & 254). Defendants' Motion—merely the latest in an ongoing campaign to avoid a jury verdict in a trial-ready, thirteen-year-old case—should be denied.

---

[1] The *TJX/Macy's* Plaintiffs are Macy's, Inc. and The TJX Companies, Inc., together with their remaining co-plaintiffs Abercrombie & Fitch & Co., Bath & Body Works, Inc., Big Lots, Inc., Lord & Taylor LLC, Maurices Incorporated, Office Depot, LLC, OfficeMax, LLC, SFA Holdings Inc. (Saks & Company LLC), Victoria's Secret & Co., EssilorLuxottica USA Inc., Kohl's Corporation, and Penney OpCo, LLC.

1

I.      **Background: Defendants' Long History of Trying to Avoid a Jury Trial.**[2]

The *TJX/Macy's* Plaintiffs are fourteen merchants, previously known as the "Target Plaintiffs."[3] In 2013, they opted out of a class settlement and filed a consolidated complaint under the Sherman Act seeking damages and a judgment forbidding Defendants Visa, Inc. and Mastercard, Inc. from enforcing unlawful horizontal price-fixing agreements. Their complaint alleged, and they will show at trial, that these unlawful horizontal price-fixing agreements are imposed by Visa and Mastercard as cartel managers for their card-issuing banks. The terms of the price-fixing agreements are not disputed: they are confirmed in written "Honor All Cards" and "Honor All Issuers" network rules which operate to prevent card-issuing banks from competing for merchant acceptance of their payment cards. By binding the card-issuing banks not to compete via these rules, Visa and Mastercard impose a horizontal price-fixing agreement through which they charge merchants fixed, non-negotiable, and supra-competitive "default interchange" and "network fees" that merchants must pay every time a customer swipes a Visa- or Mastercard-branded payment card at their stores.

After the case was filed, Defendants sought and obtained early orders transferring the *TJX/Macy's* case, the *7-Eleven* case, and (eventually) the *Grubhub* case to MDL 1720, *In re Payment Card Interchange Antitrust Litigation.* Now one of the longest-running MDLs in history, these Plaintiffs' claims remained in the MDL for more than a decade while fact and expert discovery were completed. Under the capable management of Hon. Margo Brodie, Chief Judge of

---

[2] The history recited in this section is well known to Judge Hellerstein. We offer it here so Judge Chang—who we understand will rule on the motion in the first instance—has before him the full record of Defendants' assiduous efforts to avoid not just a timely trial, but any trial at all.

[3] These Plaintiffs were originally known as the *Target* Plaintiffs because the first named and largest merchant plaintiff in the case was Target Corporation. It has since settled its claims. The next two largest plaintiffs, whose claims are currently set for trial before Judge Hellerstein are TJX and Macy's.

the Eastern District of New York, discovery was completed, *Daubert* motions were decided, and exhaustive summary judgment motions were briefed and uniformly denied.

### A. Defendants Spurn an Early 2025 Trial Date.

With these lengthy pretrial proceedings concluded, Judge Brodie convened a June 2024 hearing to discuss a trial setting. She told the parties that her trial schedule was "open" after February 2025, and invited the parties to "take your pick." *See* N.Y. ECF 9330 (05-MD-1720) (6/13/2024 Hearing Tr.).

Defendants rejected this offer. Invoking their statutory rights under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), Defendants insisted that the *TJX/Macy's* case and the *7-Eleven* case be remanded to the Southern District of New York, where they were filed. Judge Brodie found the cases were "ready for trial" and issued a Suggestion of Remand. *See* N.Y. ECF 9347 (Nos. 13-CV-5745 and 13-CV-5746) (7/8/2024). These cases then returned to the Southern District of New York.

### B. Defendants Renege on an Agreement to Seek a July 2025 Trial.

Following remand, Judge Hellerstein set a pretrial scheduling conference in the *TJX/Macy's* and *7-Eleven* actions. Before the August 2024 conference, Visa and Mastercard agreed to seek a trial date for all the *TJX/Macy's* Plaintiffs "beginning on July 14, 2025 or on the earliest date thereafter that is available on the Court's docket." This Joint Stipulation was filed of record with Judge Hellerstein before the status conference. *See* N.Y. ECF 135-1 (8/6/2024). In pertinent part, it provided that:

3

> WHEREAS the Target Plaintiffs, the Visa Defendants, and the Mastercard Defendants each desire to reach agreement on a proposed trial date for the Target Action in the Southern District of New York to ensure an orderly schedule for the resolution of the Target Plaintiffs' claims; and,
>
> NOW, THEREFORE, the Parties agree as follows:
>
> 1. The Target Plaintiffs, the Visa Defendants, and the Mastercard Defendants shall jointly request that the Court set the Target Action for a jury trial of the Target Plaintiffs' liability and damages claims beginning on July 14, 2025, or on the earliest date thereafter that is available on the Court's docket (the "Joint Trial Request").

At the status conference two days later, Defendants reneged on this agreement. After counsel for the *TJX/Macy's* Plaintiffs told the Court that Visa and Mastercard had agreed to request a joint trial of all 17 plaintiffs' claims, *see* 8/8/2024 Tr. at 12, Defendants immediately walked back the request. Rather than advocating for a joint trial of all 17 plaintiffs, as agreed, counsel for Visa said Visa "prefer[red] one to 17." Counsel for Mastercard abandoned the agreement, too, arguing that "I think there is probably a middle ground between one and 17…I think you could do a smaller group of the Target case." *Id.* at 16–17.

### C. Defendants Agree to an October 20, 2025 Trial Setting.

After further argument at the same conference, Judge Hellerstein ordered an October 20, 2025 trial date for six plaintiffs: Target, TJX, and Macy's (from the *TJX/Macy's* case) and Circle K, Marathon, and the Gap (from the *7-Eleven* case). Judge Hellerstein emphasized that this trial setting was firm and would "stick." *Id.* at 26 ("I'll give you a trial date, and I will stick to that trial date, health assuming."). When asked about trial length, Defendants said "we could be comfortable on the defense side with something on the six to eight-week range." *Id.* at 37. The October 20 trial date has been on the docket for ten months since then, and Defendants have stipulated to a pretrial schedule with that date in mind. N.Y. ECF 181 (11/6/2024).

4

### D. The *TJX/Macy's* Trial Date is Reaffirmed in June.

Judge Hellerstein reiterated the October 20 trial date in June 5, 2025 order, stating that trial would proceed as expected unless Judge Chang adjourned the trial of the *Grubhub* action. *See* N.Y. ECF 249 ("Trial will begin, as scheduled, October 20, 2025 at 10:00 a.m. However, if the May trial scheduled in *[Grubhub]* is adjourned, trial in this case will commence on April 20, 2026 at 10:00 a.m."). The Court declined to adjourn the *Grubhub* trial, noting the age of the case and the availability of the Court's clerks. *See* 6/13/2025 Tr. at 5–6. That should have ended the matter.

### E. Defendants' Motions for Continuance.

Ignoring Judge Hellerstein's ruling that the TJX/Macy's trial date would remain October 20 if Grubhub was not adjourned (N.Y. ECF 249), Defendants then filed a motion to continue the trial date. N.Y. ECF 254 (6/16/2025). They renewed and filed the same kind of motion here. Ill. ECF 118 (6/19/2025).

Both continuance motions are highly unusual. Defendants do not deny that the October 2025 trial date they seek to adjourn in New York was set *with their agreement* ten months earlier. Nor do they argue they cannot be ready for trial in October, as they agreed. The motions also offer no evidence that pretrial scheduling deadlines aren't being met, because all deadlines have been met and trial in the *TJX/Macy's* case is just 120 days away.

Rather than these conventional grounds, Defendants' continuance motions resurrect a single question raised by Judge Hellerstein at the June 5 status conference; namely, whether any party was concerned about the possibility that deliberations in the case might not conclude before the December holiday shopping season. See Tr. 6/5/2025 at 30 ("… that means that the jurors will be deliberating on shopping days before Christmas. Is that OK with you?") and compare New York Memorandum in Support of Mtn. to Continue, filed 6/16/2025 at 2 ("Deliberations on liability are

5

likely to be impacted by holiday distractions and juror concerns about being unable to participate in holiday preparations, plans, and family gatherings."). *See also* Ill. ECF at ##, Defendants' Memorandum in Support of New Motion for Continuance, filed 6/19/2025, at 1 (arguing that continuance of the Grubhub claims "would ensure that the complex and monumental trial [scheduled in New York for October 20, 2025] is not compromised by running into the Christmas and New Year's holidays.").

## II.  The Motion for Continuance Should Be Denied.

Though presented as a request for "a few months' postponement," *id.* at 1-2, Defendants' motion actually seeks lengthy adjournments for four groups of Plaintiffs: (1) Macy's and TJX, currently set for trial in New York on October 20, 2025, (2) the three plaintiffs in the *7-Eleven* case whose claims are set for a joint trial with TJX and Macy's, (3) the plaintiffs in the *Grubhub* case, currently set for a May 2026 trial in Illinois, and (4) an even longer delay in the resolution of the "trial ready" claims of forty *more* plaintiffs—the remaining *TJX/Macy's* and *7-Eleven* Plaintiffs—whose claims were also remanded as "trial ready" from the MDL, but remain pending before Judge Hellerstein without a trial setting.

### A. Speculation that Jurors Will Abandon Their Oaths Because of Holidays Later in December State No Basis for a Continuance.

The sole ground for Defendants' motion—a *possible* conflict with jurors' holiday shopping and plans—does not support a continuance. When Judge Hellerstein set the October 20, 2025 trial date, Defendants represented they were "comfortable" with a six- to eight-week trial estimate. 8/8/2024 Tr. at 37. This estimate necessarily contemplated a December jury verdict,[4] but Defendants raised no concern over holiday shopping.

---

[4] If deliberations began six weeks after trial commenced on October 20, they would occur during the first week of December; if they began eight weeks after trial commenced, they would occur during the weeks of December 8 or 15.

The expected length of trial has only gotten shorter over time. Target Corporation settled its claims, trimming down the number of expected fact witnesses. The number of expert witnesses has been reduced as well: per Judge Hellerstein's order, Plaintiffs have limited their initial presentation of expert testimony to just five witnesses. All of this makes it *less* likely deliberations will extend even a few days into December. As Judge Breiant explained well, there is every reason to expect that the highly skilled trial lawyers in this case (who number among them some of the nation's foremost practitioners) can and will try this case efficiently and will use jurors' time well:

> …the dynamics of a jury trial have changed markedly since 1967. Television is now an accepted fact of life in every household, and simulated courtroom drama is an essential part of the television shows. Such trials conclude usually in forty-four minutes with time out for commercials. Jurors expect the same kind of performance in the courtroom today. They have a short attention span, and no longer tolerate the pompous, time wasting blather, dither, and paper shuffling which used to be the stock in trade of some members of the trial bar.
>
> Questions propounded to witnesses are now required to be simple and direct.
>
> Counsel now generally try to come to the point, and to impress the jurors with their efficiency and openness, as well as the justice of their case. Trial judges, concerned about their case volume, are more willing to exercise the inherent power of the court to cut out repetition and needless waste of time.
>
> Experienced trial lawyers, who are perfectly willing to bore a judge to death in a nonjury case, seem, in jury cases, to behave in a manner indicating genuine concern with the attention span and patience of jurors.

*Cascone v. Ortho Pharm. Corp.*, 94 F.R.D. 333, 339 (S.D.N.Y. 1982). As this Court observed at the last continuance hearing in this case, Judge Hellerstein is a legend. He has the tools and experience to move this trial along and has already demonstrated intentional and *active* management to ensure effective use of the jury's time.

The law does not support delaying the trial, either. The right to a *timely* trial is fundamental to due process. Defendants' newfound concerns about the December holidays do not support their speculation that the jury in New York, sworn after *voir dire* to decide the case based on the evidence

before them, will abandon those oaths if they deliberate in early December. In *Queen v. Logan*, 2007 WL 9734601 (S.D. Ohio Oct. 31, 2007), the Court rejected a motion for new trial filed on similar grounds, explaining that:

> Plaintiff argues that the travel plans of the jury foreperson, as well as the timing of the trial in general, "weighed heavily" on the jury such that it felt compelled "to make a rapid decision to salvage what was left of the week before Christmas." However, Plaintiff offers no evidence to support this conclusion. … Following their verdict, the jury was asked whether anything the Court said or anything regarding the Christmas holiday influenced the length of their deliberation. Each juror responded in the negative. … Plaintiff has simply offered nothing to support his conjecture that the impending Christmas holiday posed an improper influence upon the jury. ***To grant Plaintiff a new trial based upon his unsupported argument as to 'holiday bias' would set this Court down a path of precluding the scheduling of trials during any holiday season such as Christmas, Hanukkah, Kwanza, Easter, Thanksgiving, as well as the secular, but highly traveled, Spring Break, and the ever popular "summer vacation" season. We decline to institute such a precedent.***

*Id.* at *4-5 (emphasis added, internal citations omitted).[5] Defendants' failure to *timely* seek a continuance based on this claimed "holiday shopping" concern also matters. The timing of the anticipated verdict was known to them *last August*. Yet they said nothing at the time, and instead waited until just a few months before trial to seek an adjournment on this basis. This, too, warrants denying the motion. *See, e.g., White v. Ethicon, Inc.*, 2022 WL 596407, at *1 (W.D. Wash. Feb. 28, 2023) ("counsels' trial conflicts and holiday conflicts should have been apparent when the Court set the case schedule in October 2021. White has failed to demonstrate diligence in bringing these conflicts to the Court's attention…White has not provided any justification for waiting until the month before the pretrial conference and pretrial deadlines to bring the instant motion to continue.") and *MKT Reps S.A. de C.V. v. Standard Chartered Bank Int'l (Americas) Ltd.*, 2011

---

[5] Defendants' motion not only ignores the shortened length of the trial, it rests on an offensive assumption; namely, that potential jurors—examined by Judge Hellerstein during *voir dire*—will necessarily be lying to him if they state under oath that they have no plans in December that would interfere with their ability to decide the case based on the evidence presented.

WL 13099888 (S.D. Fla. Nov. 22, 2011) (denying continuance based on holiday plans that was sought about a month before trial).

One further point bears emphasis. This is *not* a typical motion for continuance. Defendants do *not* claim they cannot be ready for trial on October 20, 2025, nor do they claim any party has been *unable* to meet the agreed pretrial schedule that *all* parties in New York have been working toward for the past ten months in New York, to say nothing of the dozen *years* the *TJX/Macy's* case have been pending. For this reason alone, Defendants' motion for continuance should be denied.

### B. A Continuance Will Seriously Prejudice the *TJX/Macy's* Plaintiffs.

In N.Y. ECF 256, the *TJX/Macy's* Plaintiffs noted the reference to Judge Hellerstein's conversation with this Court about their New York trial setting. As they were not present for this conversation, they are uncertain to what issues N.Y. ECF 256 has directed them to respond.[6] The *TJX/Macy's* Plaintiffs respectfully request that if there is some issue beyond the possibility of mid-December deliberations that is prompting Judge Hellerstein to consider an adjournment of their trial, it would be helpful to know what it is so it can be addressed.

Subject to any such information, these Plaintiffs are constrained to make their own position clear. All *TJX/Macy's* Plaintiffs urgently desire to *keep* the agreed October 20, 2025 trial date Judge Hellerstein established ten months ago. They will all be severely prejudiced by any further continuance. In the already-lengthy scope of pretrial proceedings in these cases, the *TJX/Macy's* Plaintiffs have suffered:

- The death of their former lead trial counsel, compelling them to retain new lead trial counsel *after* all discovery was concluded;

---

[6] Though they are not parties in this case, this Court has graciously granted them leave to appear here to address their own interests.

- The loss of their lead economics expert due to health issues, compelling them to incur expensive and additional costs to retain a new expert;
- Challenges in obtaining the live testimony of witnesses who have moved on from the Plaintiffs' or Defendants' employment and are not within subpoena power;
- Trying a case in which the majority of the Defendants' witnesses were deposed between seven and nine years ago.

The prejudice is even worse for the other *TJX/Macy's* Plaintiffs, whose trial-ready claims were remanded with TJX and Macy's yet are still not set for trial. Why? Because Defendants argued that a *timely* trial of the claims of just *some* plaintiffs would provide clarity to resolve the rest. *See* 8/8/2024 Tr. at 27 (Mastercard counsel arguing that if the claims of Target Corporation were tried first, "then I don't think the Court would then face the prospect of 62 more trials. Someone's going to win that trial, and someone's going to lose, and it almost certainly is going to lead to settlements of the remaining cases as you indicated."). To state what is obvious, if there is not a timely trial, there is no settlement guidance for anyone.

### C. The *TJX/Macy's* Court Could Schedule Trial for January.

If, despite these arguments, the Court in the *TJX/Macy's* and *7-Eleven* cases determines it needs to move the October 20, 2025 trial date, the simplest and fairest approach is for trial to begin in early January 2026. The *7-Eleven* and *TJX/Macy's* cases have almost certainly been pending for longer than any other case on the docket that may be set in January.[7] Taking this approach would do away with the need to coordinate trial schedules among the *Grubhub* Court and the *TJX/Macy's* Court, retain the current sequence of trials, and avoid further delay for all plaintiffs.

---

[7] Absent criminal speedy trial issues, courts in civil cases routinely set the order of trials so that the oldest of their cases is tried first. *E.g., Cannon v. Armstrong Containers, Inc.*, 92 F.4th 688, (7th Cir. 2024); *S. Industries, Inc. v. Norton Co.*, 1974 WL 20481, at *5–6 (N.D.N.Y. Nov. 7, 1974).

10

### D. Request for Expedited Consideration.

None of this is a dilemma of Plaintiffs' making. Defendants have demonstrated their intention to seize every possible opportunity to avoid *any* timely trial of these Plaintiffs' claims. This is unfair. It is prejudicial. And, respectfully, it must stop.

In all humility, the *TJX/Macy's* Plaintiffs urge both Courts to act swiftly to reaffirm their October 20, 2025 trial date. Pursuant to an agreed pretrial scheduling stipulation with the Defendants (so ordered by Judge Hellerstein), important deadlines related to the preparation of the Joint Pretrial Order in New York are looming, some as early as next week. *See* N.Y. ECF 180 & 181 (11/4/2024). The logistics of gearing up for trial—including contracts for lodging, trial office space, and technology, as well as scheduling witnesses to appear—are also now underway, at significant cost to these Plaintiffs. These costs and expenses will be wasted if Defendants are permitted to continue their ongoing campaign to avoid a confirmed trial setting. Their motion should be denied swiftly, so the parties can devote their attention to what matters: the final effort to bring this case, at long last, to a jury for decision.

### CONCLUSION

Collectively, these Plaintiffs have waited *more than thirteen years* to present their claims to a jury. They have *billions* of dollars at stake. Against this reality, and the certainty of irreparable prejudice to all Plaintiffs if their cases are delayed yet again, Defendants' invocation of the *possibility* that deliberations will extend into the first half of December is *not* a basis upon which the trial of either the *Grubhub* case *or* the *TJX/Macy's* case should be continued.

For all these reasons, Macy's and TJX look forward to discussing these issues at the upcoming status conference with the Court, so they will understand what (if anything) has changed and can be heard on why no continuance should be granted.

11

Dated: June 20, 2025                                    Respectfully submitted,

                                                   **GIBBS & BRUNS LLP**

/s/ *Kathy D. Patrick*
Kathy D. Patrick
Barrett Reasoner
Jorge M. Gutierrez, Jr.
Nick Beachy
Erica Krennerich

1100 Louisiana St. #5300
Houston, Texas 77002
713-650-8805
kpatrick@gibbsbruns.com

*Attorneys for the TJX/Macy's Plaintiffs*