UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Target Corporation, *et al.*,

       Plaintiffs,

v.

Visa Inc., *et al*.,

       Defendants.

---

Case No. 13-cv-3477 (AKH)

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF TRIAL MANAGEMENT PROCEDURES AND TRIAL SETTING**

**I.  PRELIMINARY STATEMENT**

This Court has been presiding over this "trial ready" federal antitrust price-fixing case since it was remanded on July 8, 2024. *See* Suggestion of Remand at 8, No. 05-md-1720 (E.D.N.Y. July 8, 2024), ECF No. 9347 ("The *Target* and *7-Eleven* actions are ready for trial."). Currently, the claims of just *two* of the Plaintiffs in this case are set for a trial beginning on April 20, 2026, nearly two years after remand.

All plaintiffs have a constitutional right to a timely jury trial of their claims. Accordingly, pursuant to Federal Rule of Civil Procedure 40 and S.D.N.Y./E.D.N.Y. Local Civil Rule 40.1, Plaintiffs move for entry of an Order Establishing Trial Management Procedure and Trial Settings ("Trial Settings Order") to ensure that the claims of the remaining nine Plaintiffs in this case proceed to a prompt, scheduled trial on an established date. Entry of a Trial Settings Order is essential to avoid the prejudice and unfairness that will inevitably result from continuing the

predicament in which these Plaintiffs now find themselves: with no fixed trial date, they face indefinite delay and uncertainty, risking the irreparable loss of evidence and trial capacity with no end in sight.

As Judge Chang of the Northern District of Illinois noted when he agreed to defer the trial in the *Grubhub* action:

> ***There is always prejudice in delay****. . . . **At some point, plaintiffs do get to decide whether they want to get to verdict, and, if they win, start the clock on getting collection of damages as opposed to incurring the damages***.

Status Conf. Tr. at 15, *Grubhub Holdings, Inc., et al. v. Visa, Inc., et al.* (N.D. Ill. June 23, 2025), ECF No. 127 (emphasis added).  It is these principles that prompt Plaintiffs to file this motion.  Prejudicial and indefinite delay is antithetical to the fair administration of justice.  As stated in Rule 1 of the Federal Rules of Civil Procedure, the rules should be "construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. l.

Plaintiffs therefore urge this Court to act now to impose certainty and predictability on these proceedings.  Entry of a Trial Settings Order will eliminate unfair prejudice, provide certainty, and curtail delay through three simple steps:

- **Step One.** The Trial Settings Order should provide that, if any of the Plaintiffs from the Target or 7-Eleven groups previously set for trial settles (or has settled) *prior* to January 12, 2026, the "next plaintiff in line from that group" will step up to have its claims tried.  If the Court so ordered, this would mean that the Office Depot/OfficeMax Plaintiff (who is next in line) would step up right now to fill the slot formerly occupied by Target Corporation, which has settled.

- **Step Two.** The Court should establish a backup setting of May 18, 2026 for trial of the claims of the next six Plaintiffs (three from the Target group and three from the 7-Eleven group) in the event all Plaintiffs set for trial in April 2026 settle their claims *after* January 12, 2026.

- **Step Three.** The Court should also set a date certain for the trial of the claims of all remaining Target Plaintiffs as soon after the April 20, 2026 trial and the September 22, 2026 trial in the *Grubhub* action as possible.

We discuss the reasons for this proposal further below, as well as a modification that may be needed if—as Plaintiffs expect—the trial proceeds in April and Defendants are found liable, leaving only the need to convene a *damages* proceeding for the remaining Plaintiffs. Finally, if this Court's schedule does not permit it to grant the requested relief, then Plaintiffs respectfully submit that this Court should exercise its power to transfer the cases to another court pursuant to 28 U.S.C. § 1404 or Rule 14 or 15 of the Rules for the Division of Business Among District Judges to serve the interests of justice, end the uncertainty and delay, and move the remaining claims forward to resolution.

**II.   ARGUMENT**

At a conference on August 8, 2024, this Court set the claims of six Plaintiffs—three from the *Target* case and three from the *7-Eleven* case—for an eight-week trial to begin on October 20, 2025. *See* Order Regulating Proceedings at 2 (Aug. 7, 2024), ECF No. 140; Status Conf. Tr. at 9 (Aug. 8, 2024), ECF No. 141. Defendants argued then that an initial trial of fewer than all claims was sufficient, suggesting first that only the seventeen *Target* Plaintiffs' claims should be tried, Status Conf. Tr. at 24-25 (Aug. 8, 2024) (statement of Visa's counsel), and then that only one plaintiff, Target, should be set because, "then I don't think the Court would then face the prospect

3

of 62 more trials. Someone's going to win that trial, and someone's going to lose, and it almost certainly is going to lead to settlements of the remaining cases as you indicated." *See id*. at 27 (statement of Mastercard's counsel).

Nearly a year has passed since then. The original, agreed trial setting in October—one that was intended to "stick, . . . health assuming," *id.* at 27—has been adjourned to April of **2026.** The Court has set no trial or schedule to resolve the claims of the nine remaining trial-ready *Target* Plaintiffs.[1] Instead, their multi-billion dollar damages claims are in limbo, with additional injury and damages accruing every day. The promised prospect of settlements informed by an initial trial has proved to be a mirage, too. With the trial deferred to April 2026, or even longer if Defendants settle with the Plaintiffs whose claims are set for trial, the claims of the remaining Plaintiffs have been put into suspended animation, with no prospect for resolution.

Plaintiffs respectfully submit that this cannot continue. The nine remaining *Target* Plaintiffs have already waited *twelve years* for a trial. Without a near-term trial setting, their claims may be *fourteen-years old* (or even older) before a jury decides them. Such delay is intolerable. It is contrary to the interests of justice. As the Ninth Circuit has observed: "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re: Phenylpropanolamine (PPA) Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).

It is also unfairly prejudicial, by any measure. The long period of pretrial delay, much of which occurred before this Court inherited the case on remand, caused tangible prejudice to these

---

[1] The remaining *Target* Plaintiffs whose claims are not set for trial are Office Depot/OfficeMax, Victoria's Secret, Bath & Body Works, Big Lots, Abercrombie & Fitch, Luxottica, Saks Fifth Avenue, Lord & Taylor, and Maurice's.

Plaintiffs. The *Target* Plaintiffs suffered the loss of their lead trial counsel and their lead economic expert. Both losses required the *Target* Plaintiffs to incur significant cost and expense to replace them. The *7-Eleven* Plaintiffs also lost their lead economic expert, replacing him at significant expense, too. Crucial witnesses have retired or moved to new jobs, making them unlikely to be available to testify live at trial. This puts Plaintiffs in the unenviable position of having to present key portions of their cases by deposition, through *cross-examination* by Defendants, rather than through live witnesses the jury can see and hear. As time marches on, it is a virtual certainty that additional evidence and trial capability will be lost as memories continue to fade, counsel and employees of the parties become unavailable, and the opportunity to resolve these claims at trial recedes even farther into the distance.

This historic prejudicial delay has already happened. It cannot be avoided now. But *additional* harm can and should be prevented by entry of a Trial Settings Order to resolve the uncertainty by setting a prompt trial of the claims of the remaining Plaintiffs.

### A. Step One: This Court Should Permit Substitution of New Plaintiffs and Set an Alternative Trial Date if the Plaintiffs Currently Designated for Trial Settle Their Claims.

The earliest potential trial date for the claims of at least some of the Plaintiffs is already set: April 20, 2026. Since the Court set its initial trial date in August 2024, two material changes have occurred. First, one of the six Plaintiffs designated for trial, Target Corporation, has settled its claims, creating an opening for trial of the claims of another member of the *Target* group. Second, the initial trial date has been delayed by six months, leaving ample time for filling that opening with another Plaintiff and, in the event of other settlements, substitution of other Plaintiffs whose claims can be tried.

5

These material changes should cause the Court to take **Step One.** The next Plaintiff in line from the *Target* group, using the Court's specified "largest in scope of damages" method, Status Conf. Tr. at 31 (Aug. 8, 2024) ECF No. 141, is Office Depot/OfficeMax. Its claims should now be set for trial on April 20, 2026, along with the claims of TJX and Macy's, so that—as the Court originally contemplated—three Plaintiffs from the *Target* group and three Plaintiffs from the *7-Eleven* group are set for trial. The Order setting Office Depot/OfficeMax for trial should also include a procedure to allow the next Plaintiff in line from each group to step into the trial if any Plaintiff presently set for trial from that group settles before January 12, 2026.

Though the Court originally declined to permit substitution of Plaintiffs, *see* Status Conf. Tr. at 31, (Jan. 8, 2025), ECF No. 100 (*7-Eleven* case), the need for active management in the face of these changed circumstances now warrants revisiting that decision. Allowing one Plaintiff in the *Target* group to be substituted for Target Corporation at the trial, and establishing a process to ensure the claims of a full six Plaintiffs will proceed to trial in April 2026, will materially advance these cases toward resolution.

Defendants have no plausible claim of prejudice arising from an order implementing Step One, allowing the substitution of Plaintiffs. There are now *9 months* remaining before the April 20, 2026 trial date, and January 12, 2026 is *90 days* before the April 2026 trial setting. Visa and Mastercard have already deposed Plaintiffs' trial witnesses. And they have been defending against the claims of *all* of the members of the *Target* and *7-Eleven* groups for more than twelve years. The path is clear for any limited additional discovery that Defendants believe should occur for any Plaintiff substituted into the April 20, 2026 trial.

To confirm this, Plaintiffs propose that the Court establish August 22, 2025 as the deadline for identification of trial witnesses for any remaining Plaintiffs who may be substituted.

6

The remaining tasks that would otherwise need to be addressed before trial—such as supplementation of expert reports and the depositions of experts with respect to such supplementation—were completed before the October 2025 trial date was moved to April 2026, so there will again be no prejudice to any defendant as a result of allowing the timely substitution of plaintiffs.

Implementing **Step One** will create meaningful progress toward trial.

### B. Step Two: This Court Should Establish a Second Trial Setting on a Date Certain.

**Step Two** is elegant and simple: it would Order a trial setting for six more Plaintiffs on May 18, 2026 with that trial to commence *only if all* Plaintiffs set for trial in April settle their claims after the January deadline for substitution. **Step Two** is needed to ensure Defendants do not "game" the existing trial date by waiting until the last minute to settle with Plaintiffs that are set for trial, to avoid *any* trial of *any* Plaintiff's claim in this Court in 2026. Though this Court previously declined to set backup dates, Status Conf. Tr. at 31 (Jan. 8, 2025), ECF No. 100 (*7-Eleven* case), there is good reason to do so now. The Court earlier observed that, "If all six get settled and you can't apply the principles to the rest, I'll give you another trial date. . . . I'm not giving you backup dates, but I will give you favored treatment." *Id.* An Order establishing **Step Two** implements this assurance of "favored treatment" in the event claims set for trial are settled. It offers the remaining Plaintiffs the *certainty* that *at least one trial* will occur in 2026, providing the "settlement guidance" Defendants offered, Status Conf. Tr. at 27 (Aug. 8, 2024), ECF No. 141, if fewer than all Plaintiffs' claims were tried. The promised benefit to these Plaintiffs of "guidance" provided by a *trial* of other parties' claims will prove illusory if no trial occurs at all. Notably, since that promise was made, every settlement the Defendants have made has been

7

subject to strict confidentiality provisions. Thus, there have been no "principles" to apply from them for the other Plaintiffs.

**Step Two** is fair for other reasons. It avoids the prospect that Defendants will wait until the last minute to settle, preventing a timely trial in this Court. There is also no plausible claim of prejudice to Defendants from the setting of a back-up trial date, as the identity of those Plaintiffs, and their supplemental witnesses, would already have been disclosed to Defendants well in advance.

### C. Step Three: This Court Should Set a Post-*Grubhub* Trial Date or, Alternatively, Use Existing Procedures to Transfer the Remaining Claims to Allow for a Prompt Trial

Finally, this Court should take **Step Three:** it should set a date for trial of the remaining members of the *Target* group. This trial can take one of two forms.

**Plaintiffs Win the First Trial.** If the Plaintiffs prevail at the first trial on their claims against Defendants, collateral estoppel will likely apply. *See* Status Conf. Tr. at 16 (Aug. 8, 2024), ECF No. 141 (the Court, observing to Defendants' counsel that, "If Target wins, you got a serious, serious problem as to the other 16 and the other 43."); *id.* (Visa counsel: "We don't disagree that if we try one of these cases, there will be collateral estoppel issues, and we'll have to deal with those."); *id.* at 27-28 (Mastercard Counsel acknowledging the Court will not "face the prospect of 62 more trials. Someone's going to win that trial, and someone's going to lose. . . . If we were to lose on the defense side, we would have to address the possibility of the application of collateral estoppel. That would be a real issue we would have to address.").

In that event, **Step Three** would involve a "damages only" trial, because liability would be established. *See also Lummus Co. v. Commonwealth Oil Refin. Co.*, 297 F.2d 80, 89 (2d Cir. 1961), *cert. denied*, 368 U.S. 986 (1962); *Ferring B.V. v. Serenity Pharms.*, LLC, 391 F. Supp. 3d

265, 284 (S.D.N.Y. 2019); *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 270 (S.D.N.Y. 2012).[2]

**The 2026 Trial Settles and/or Plaintiffs Do Not Win the First Trial.** In either of these events, an additional trial date should be set on **January 19, 2027**, or a date sufficiently after the conclusion of the *Grubhub* trial—which is scheduled for eight weeks, beginning on September 22, 2026—to allow the parties to prepare, as soon as the Court's calendar permits.[3] That schedule would implement this Court's prior statement that it will give preferential treatment to setting a trial date for the claims of the remaining Plaintiffs.

### D. Request in the Alternative for Transfer of Remaining Target Plaintiffs' Claims.

If the Court's calendar does not permit the implementation of these three steps, all of which are reasonable and necessary to ensure a prompt trial of the claims of these remaining Plaintiffs, then the remaining *Target* Plaintiffs respectfully request that this Court sever their claims from the rest of the case, pursuant to Federal Rule of Civil Procedure 21, and transfer them to another court to ensure a prompt trial.

Federal law permits this Court to transfer the severed claims for "the convenience of parties and witnesses, in the interest of justice," to "any other district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a). One potential candidate for such a transfer is the Eastern District of New York, where Chief Judge Margo K. Brodie continues to preside over the MDL

---

[2] The *7-Eleven* Plaintiffs have proposed to use July, 2025 for this damages trial. Assuming the Plaintiffs whose claims are tried in April succeed, this schedule would be agreeable to the Target Plaintiffs.

[3] If the *Grubhub* case is settled, this trial date could be set in September, contingently, as the Court did earlier in view of the potential movement of that trial setting.

1720 proceeding.[4] Chief Judge Brodie is very familiar with these cases. She oversaw their entire pretrial preparation, issued comprehensive *Daubert* rulings regarding the admissibility of expert testimony, and authored equally comprehensive rulings denying Defendants' motions for summary judgment. She had previously indicated a willingness to try the cases, suggesting she could do so any time after February of 2025, but Defendants would not agree. Though Plaintiffs have not inquired regarding her continued availability, she is presently presiding over a mandatory Rule 23(b)(2) equitable relief action of which the remaining Plaintiffs are all class members. Thus, efficiency would be served—if her docket is open—by transferring these Plaintiffs' claims back to her for trial.

A second option is to transfer these Plaintiffs' claims to another judge in this district, pursuant to either Rule 14 or 15 of the Rules for the Division of Business Among District Judges, Southern District of New York. Rule 14 transfer might be feasible with the consent of the Hon. John G. Koeltl, as he is presently presiding over an enforcement action brought by the federal government against Visa, alleging it has a monopoly in debit cards. He is familiar with many of the issues and might be able to relieve some of the docket burden arising from the need to try these actions. Rule 15, which applies to this Court, also permits it to "furnish the assignment committee with a list of . . . cases which the judge desires to have transferred." This would permit the assignment committee to redistribute the claims of these plaintiffs to another judge able to set them for a prompt trial.

---

[4] *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 41 n.4 (1998) (noting that the statutory language of 28 U.S.C. § 1407 only "precludes a transferee court from granting any §1404(a) motion," but imposes no bar on a similar order entered by a transferor court); *Kenwin Shops, Inc. v. Bank of La.*, 1999 WL 294800, at *1 (S.D.N.Y. 1999) ("interest of justice" served by a § 1404 transfer back to MDL forum because of its familiarity with the action and because trial could be had there more quickly than in the court of origin); *see also* Manual for Complex Litig. (Fourth) § 20.132 & n.671.

10

Plaintiffs deeply appreciate the Court's efforts to manage these cases thus far. It is equally true, though, that the burden of these cases need not fall entirely on this Court—nor should the burden be distributed in a way that prevents these Plaintiffs from receiving a *timely* jury verdict. If another judge could provide a more prompt trial of the remaining claims than could this Court, the interests of justice clearly weigh in favor of a transfer. The interests of justice are best served by having these twelve-year-old cases proceed to trial as quickly as possible, so as to avoid additional prejudice to Plaintiffs who have waited so long to have their claims heard, and decided, by a jury.

### III. CONCLUSION

For all of these reasons, Plaintiffs respectfully request that the Court grant this motion and impose the requested three Steps in a Trial Settings Order to ensure that:

- **Step One.** Six Plaintiffs (three from the *Target* group and three from the *7-Eleven* group) are set for trial in April, 2026;

- **Step Two.** A backup setting for six Plaintiffs is available in May, 2026, if the Plaintiffs set for trial in April settle their claims; and,

- **Step Three.** A viable and timely path to trial is available to all other *Target* Plaintiffs, whether through additional, confirmed trial settings or through transfer to another judge or court.

| | |
|---|---|
| Dated July 9, 2025 | Respectfully submitted,<br><br>**VORYS, SATER, SEYMOUR AND PEASE LLP**<br><br><u>s/ *James A. Wilson*</u><br>James A. Wilson<br>Robert N. Webner<br>Douglas R. Matthews<br>Kimberly Weber Herlihy<br>Alycia N. Broz<br>Kenneth J. Rubin<br>52 East Gay Street<br>Columbus, OH 43215<br>(614) 464-6400<br>jawilson@vorys.com<br><br>**GIBBS & BRUNS LLP**<br>Kathy D. Patrick<br>Barrett Reasoner<br>Jorge M. Gutierrez, Jr.<br>Nick Beachy<br>Erica Krennerich<br>1100 Louisiana Street, Suite 5300<br>Houston, Texas 77002<br>(713) 650-8805<br>kpatrick@gibbsbruns.com<br><br>*Attorneys for Target Plaintiffs* |

## CERTIFICATE OF COMPLIANCE WITH LOCAL R. 7.1(c)

The undersigned hereby certifies that the forgoing memorandum complies with Local Rule 7.1(c), and contains 3421 words.

/s/ James A. Wilson
James A. Wilson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of July, 2025, a true and accurate copy of the foregoing was electronically filed with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ James A. Wilson
James A. Wilson